UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELO S. BROWN,

      Plaintiff,

v.                                                    Case No. 12-cv-13095
                                                    Paul D. Borman
                                                    United States District Judge

BUREAU OF ELECTIONS,

      Defendant.

_____/

**OPINION AND ORDER
(1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF FEES (Dkt. No. 2),
(2) DENYING PLAINTIFF'S APPLICATION FOR APPOINTMENT OF COUNSEL
(Dkt. No. 3), and
(3) DISMISSING CLAIMS WITHOUT PREJUDICE**

Plaintiff Angelo S. Brown, proceeding *pro se*, filed the Complaint in this matter on July 13, 2012. (Dkt. No. 1.) Plaintiff also filed a an Application to Proceed In Forma Pauperis, and an Application for Appointment of Counsel. (Dkt. Nos. 2 and 3.) Having considered the facts as set forth in Plaintiff's affidavit, the Court is persuaded that he cannot afford to pay the fees associated with filing his Complaint. Plaintiff's Application to Proceed In Forma Pauperis is therefore granted.

In cases where a plaintiff has filed an application to proceed without prepayment of fees, the Court must consider, pursuant to 28 U.S.C. § 1915(e)(2)(B), whether the action is frivolous or fails to state a claim upon which relief can be granted. Dismissal is appropriate where "the claim is based on an indisputably meritless legal theory[.]" *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998).

1

Specifically, § 1915(e)(2)(B)(ii) allows for dismissal when a complaint fails to state a claim on which relief may be granted. "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff alleges that he attempted to run for the office of Wayne County Prosecuting Attorney by filling out an affidavit of identity and paying $100 to the Wayne County Clerk. Plaintiff claims that he told a clerk at the Wayne County Clerk's office that he was not an attorney. Plaintiff alleges that the clerk took his money and administered an oath for the Plaintiff. Later, Plaintiff received a letter stating that he must be a licensed attorney to run for Wayne County Prosecuting Attorney. Plaintiff alleges that the Wayne County Clerk never returned his money. He now seeks $10,000 in damages.

"Counties may not be held vicariously liable under 42 U.S.C. § 1983 for the actions of their employees or agents." *Jones v. Muskegon County*, 625 F.3d 935, 946 (6th Cir. 2010) (citing *Monell v. New York City Dep't. of Social Servs.*, 436 U.S. 658, 694 (1978)).

Plaintiff has not named the office worker whom he allegedly spoke to at the Wayne County Clerk's office. He therefore appears to allege that Defendant Bureau of Elections should be held vicariously liable for the actions of its officer worker, which is not permitted under *Monell, supra*. Furthermore, Plaintiff fails to allege any specific policy or practice of Defendant which can serve as a basis for liability. *See Jones*, 625 F.3d at 946 (noting that "counties may be held directly liable for a constitutional violation committed through a county policy or practice.").

Accordingly, the Court finds that the Complaint in this matter fails to state a claim upon which relief can be granted. The Court will **DISMISS** the claims **WITHOUT PREJUDICE**.

Plaintiff also requests appointment of counsel. Appointment of counsel in a civil case is only

2

appropriate in exceptional cases with complex factual and legal issues. *See Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). No exceptional circumstances exist in this case. *See Marshall v. Federal Exp. Corp.*, 12 Fed. Appx. 186, 188 (6th Cir. Nov. 30, 2000) (unpublished). Plaintiff's Motion for Appointment of Counsel is therefore **DENIED**.

For the reasons stated above, Plaintiff's application to proceed without prepayment of fees is **GRANTED**, Plaintiff's Application for Appointment of Counsel is **DENIED**, and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

_____
PAUL D. BORMAN
UNITED STATES DISTRICT COURT JUDGE

Dated: 8-20-12
Detroit, Michigan

3